**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DISTRICT**

**ASHLEY SALTER, DEBRAH MITCHELL, AMANDA BARNETT, SECILLIA RUSSELL, COURTNEY COLEMAN, and ELIZABETH ANN JUNDT, individually, and on behalf of all persons similarly situated** **PLAINTIFFS**

**vs.** **Case No. 4:10-CV-906 JLH**

**ONYX CORPORATION d/b/a ONYX LABORATORIES, LTD.** **DEFENDANT**

**RESPONSE TO BRIEF IN SUPPORT OF MOTION TO PROCEED AS A COLLECTIVE ACTION AND TO FACILITATE § 216(B) NOTICE**

Defendant, Onyx Corporation d/b/a/ Onyx Laboratories, LTD. ("Onyx"), by and through its attorneys, for its Response to Brief in Support of Motion to Proceed as a Collective Action and to Facilitate 29 U.S.C. § 216(B) Notice, states:

## I. INTRODUCTION

Plaintiffs have moved to proceed as a collective action on their claim under the Fair Labor Standards Act ("FLSA"). For the reasons contained herein, the Motion to Proceed as a Collective Action and to Facilitate § 216(B) Notice should be denied. Onyx adamantly denies that it violated the FLSA and denies that its employees were non-exempt employees.

The Motion should be denied for the following reasons: (1) the employees in the putative class are not "similarly situated" with the named Plaintiffs; (2) there is no credible evidence that putative class members are interested in joining the suit; (3) the potential class is too small to justify collective treatment; and (4) class certification would

be an inefficient use of judicial resources and would not promote fairness. In the event that the Court decides to conditionally certify this action, Onyx objects to the information Plaintiffs seek from it and objects to the proposed Notice.

## II. ARGUMENT

### A. Standard for Certifying Collective Action

This Court and others in the Eighth Circuit have applied a two-step approach in determining whether to certify collective actions. In this two-step approach, the plaintiff moves for conditional certification, and a class is conditionally certified for notice purposes. *Pressler v. FTS USA, LLC*, 2010 U.S. Dist. LEXIS 55181, *9, 2010 WL 1904974 (E.D. Ark. Dec. 9, 2010). Then, the defendant is allowed the opportunity to move for decertification at the close of discovery. *Id*. at *9. To obtain conditional certification, the plaintiff must come forward with something more than the mere averments in its complaint in support of its claim. *Id*. at *10.

As this Court has recognized, the relevant inquiry is whether the members of the proposed class are similarly situated. *Smith v. Frac Tech Servs*., 2009 U.S. Dist. LEXIS 100406, *12-14 (E.D. Ark. Oct. 28, 2009). To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar. *Smith v. Frac Tech Servs., Ltd.*, 2010 U.S. Dist. LEXIS 18657, *12-13, 2010 WL 743296 (E.D. Ark. February 26, 2010). A plaintiff must demonstrate that the plaintiff and potential

plaintiffs together were victims of a common policy or plan that violated the law. *Pressler*, 2010 U.S. Dist. LEXIS 55181 at *9-10.

**B. Plaintiffs Have Failed to Prove that They and the Potential Class Members Are Similarly Situated.**

The simple fact of classifying the group of employees as exempt does not satisfy the similarly situated requirement on its own. *Trinh v. JP Morgan Chase & Co*. 2008 U.S. Dist. LEXIS 33016, *10-11 (S.D. Cal. April 22, 2008). Instead, Plaintiffs must present additional evidence that they and the broad class they wish to represent were similarly situated with respect to job requirements and pay provisions. *Id*. at *10. As this Court recognized in deciding to decertify the class in *Smith v. Frac Tech Services, Ltd.*, 2011 U.S. Dist. LEXIS 3165, *53 (E.D. Ark. Jan. 11, 2011), because of the fact-intensive nature of the exemption analysis, the variations in job duties weighs against permitting a collective action.

Under the FLSA, the question of whether an employee is properly exempted involves a fact-intensive inquiry into his/her job responsibilities and autonomy, the management style of the employee's supervisor and whether that employee worked over 40 hours per week. *O'Donnell v. Robert Half Int'l Inc.*, 429 F. Supp. 2d 246, 250 (D. Mass. 2006). One cannot merely assume, as Plaintiffs have here, that all Product Development Coordinators were subject to the same "policy" of an allegedly improper exemption. *See id.*

Courts have refused to conditionally certify a class when the determination of whether certain employees were improperly classified as exempt would require a highly individualized inquiry. *Harris v. FFE Transp. Services*, 2006 U.S. Dist. LEXIS 51437,

*14-15 (N.D. Tex. May 15, 2006) (holding notice to potential plaintiffs is not appropriate because determination of FLSA status of each employee would necessitate a fact-specific analysis of each individual plaintiff's employment terms); *Aguirre v. SBC Communs., Inc.,* 2006 U.S. Dist. LEXIS 22211, *20-22 (S.D. Tex. Apr. 11, 2006) (finding conditional certification inappropriate where differences among the potential plaintiffs predominated over their similarities); *Holt v. Rite Aid Corp.,* 33 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (declining to conditionally certify collective action where individualized nature of the potential plaintiff's claims would diminish "the economy of scale envisioned by the FLSA collective action procedure"); *Reich v. Homier Distrib. Co*., 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. 2005) (refusing to conditionally certify where defendant's liability to any particular plaintiff would depend on a set of facts specific to that individual); *Morisky v. Pub. Serv. Elec. & Gas Co*., 111 F. Supp. 2d 493, 498 (D. N.J. 2000) (holding many specific dissimilarities between the job duties of the named plaintiffs and the opt-in plaintiffs make certification as a collective action inappropriate); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (rejecting plaintiff’s view that employees were similarly situated simply because they claim violations of the law by the same employer and noting that adopting plaintiff's position would require conclusion that if an employer has two or more employees who allegedly are not being paid overtime as required by the Act, then a collective action would be appropriate).

**C. Plaintiffs Have Failed to Establish that Other Similarly Situated Individuals Desire to Opt-in to the Litigation.**

Plaintiffs must produce evidence that other similarly situated individuals desire to opt into the litigation because others' interest in joining the litigation is relevant to whether to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants. *See Musticci v. City of Little Rock*, 2009 U.S. Dist. LEXIS 120549, *11 (E.D. Ark. Feb. 2, 2009). Before a conditional certification motion may be granted, a named plaintiff must proffer some evidence that other similarly situated individuals desire to opt in to the litigation. *See Knutson v. Blue Cross & Blue Shield of Minn.*, 2008 U.S. Dist. LEXIS 72414, *5 (D. Minn. Sept. 23, 2008) (declaration of one additional person that she wanted to join the lawsuit was not sufficient to show that other similarly situated individuals wished to opt into the lawsuit); *Louis-Charles v. Sun-Sentinel Co.*, 2008 U.S. Dist. LEXIS 20030, *4 (S.D. Fla. Mar. 14, 2008) (holding mere argument of counsel and the plaintiff's belief that others wished to join was not sufficient); *O'Donnell v. Robert Half Int'l Inc.*, 429 F. Supp. 2d at 250-51 (denying conditional certification where the plaintiffs' affidavits stated that they believed many current and former employees of the Company would be interested in participating in the litigation but they failed to identify by name a single member of the putative class ready to participate); *Horn v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236-37 (M.D. Ala. 2003) (holding that plaintiff's affidavit testimony that he "believes" other similarly situated putative class members exist and desire to opt into the case was insufficient to warrant conditional certification).

In the absence of evidence that others wish to join the action, there is no basis upon which the court could conclude that the action was an appropriate case for collective action treatment. *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159,

1164-65 (D. Minn. 2008). Plaintiffs must do more than allege that mere existence of similarly situated individuals; rather, there must be some evidence that others will opt-in to the lawsuit. *Id.* at 1165 Others' interest in joining the litigation is relevant to whether to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants. *Id.* citing *Simmons v. T-Mobile USA, Inc*., 2007 U.S. Dist. LEXIS 5002, *7 (S.D. Tex. January 24, 2007).

Plaintiffs have provided no admissible evidence that opt-in plaintiffs desire to join the collective action. While counsel for Plaintiffs asserts on pages 1-2 of the Brief that Plaintiffs believe approximately 12 more individuals would like to join the lawsuit and cites the Affidavit of Ashley Salter (“Salter”), this assertion does not appear in her affidavit. Plaintiffs’ failure to provide any admissible evidence that any individual wants to join the collective action is fatal to the Motion to Proceed as a Collective Action.

**D. The Class Is Not Large Enough to Justify Class Treatment.**

Even if there are others who desire to join the collective action, the class is not large enough to justify class treatment. There are currently six Plaintiffs who have been named in the lawsuit from the beginning of the case. Even though the Complaint was filed on July 13, 2010, no potential plaintiffs have chosen to opt-in during the seven months this case has been pending.

According to Salter’s affidavit, there were only two other Product Development Coordinators during her almost one-year employment. Aff. ¶ 2. While Salter claims in her affidavit that she has had contact with seven other Product Development Coordinators, presumably five of the seven people are named Plaintiffs in this case. Aff. ¶ 3.

Certification of the collective action should be denied because of the small size of the potential class. *See e.g. Sanders v. Drainfield Doctor, Inc.*, 2007 WL 1362723 (M.D. Fla. 2007) (holding a potential class of only 12 employees was not large enough to justify class treatment); *Kessler v. Lifesaver Service Providers, LLC*, 2007 WL 1531395 (M.D. Fla. 2007) (holding that a potential class of only ten employees was not large enough to justify class treatment); *White v. Kcpar, Inc.*, 2006 WL 1722348 (M.D. Fla.) (holding conditional certification should not be granted where plaintiff failed to show that there were more than two other potential class members interested in joining the class).

Based upon Salter's own affidavit, it is clear that there are few potential plaintiffs who have not already joined the lawsuit. Because of the small size of the class, a collective action is unnecessary. Instead, anyone who wishes to join the lawsuit can do so by joinder pursuant to Rule 20 of the Federal Rules of Civil Procedure. A collective action in which no one files a consent to join may be governed by permissive joinder. In *Allen v. Atlantic Richfield Co*, 724 F.2d 1131, 1135 (5th Cir. 1984), the case never evolved into a collective action since no individuals came forward and filed a written consent to join the suit, asking to be made a party plaintiff. The only parties to the suit were named plaintiffs represented by the lawyer who filed the complaint, and their ability to participate in the action was governed by the joinder requirements of Rule 20. *Id.*

**E. Certification Would Not Advance Judicial Economy and Fairness.**

Certification of a collective action in this case would not further the interests of judicial economy and fairness. First, because of the fact-intensive nature of the exemption analysis, the variations in job duties weigh against permitting a collective action. *See Smith v. Frac Tech Services, Ltd.*, 2011 U.S. Dist. LEXIS 3165, *53 (E.D.

Ark. Jan. 11, 2011). Because of factual differences in Plaintiffs' job duties, Onyx will logically pursue different defenses for each plaintiff.

Second, the facts that Plaintiffs have submitted no admissible evidence that others are interested in joining the lawsuit and that, even if others were interested, there is a small number of potential opt-in plaintiffs, indicate that certification of the action would not further the interests of judicial economy.

Without a requirement Plaintiffs make a preliminary factual showing that a similarly situated group of potential plaintiffs exist, § 216(b) would not further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse. *See Musticci v. City of Little Rock*, 2009 U.S. Dist. LEXIS 120549 at *11. As the court in *Musticci* recognized, the courts, as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation, and an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense. *Id.* Based upon the facts in this case, certification of a collective action would not advance fairness and judicial economy and should be denied.

**F. The Proposed Notice Should Not Be Approved.**

In its Motion, Plaintiffs also seek to facilitate the §216(b) Notice. Onyx had no input into the language of the Notice. For a number of reasons, the Court should not approve the Notice in the form submitted by Plaintiffs.

1. <u>The Notice should be sent to current and former employees who worked for Onyx within two or three years (depending on the Court's willful violation determination) of the date the notice is issued, not the of the date the Complaint was filed.</u>

Plaintiffs ask the Court to approve the issuance of the Notice to employees who hold or have the position from July 13, 2007 to the present. Plaintiffs seek to send the Notice to potential plaintiffs who could never be parties to the lawsuit because their claims are barred by the statute of limitations.

Under the applicable statute of limitations, all claims brought for violations of the FLSA must be commenced within two years after the cause of action accrued or within three years if the violation was willful. § 255(a). The claim of a putative opt-in plaintiff is not commenced until that person opts into a §216(b) action by filing his or her written consent to become part of the action. § 256(b). *Redman v. U.S. West Bus. Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998); *In re RBC Dain Rauscher Overtime Litig.*, 703 F. Supp. 2d 910, 921-22 (D. Minn. 2010). Clearly, the statute of limitations has run on former employees who have not worked at Onyx in the past two years (if assuming no willful violation) or in the past three years (if assuming a willful violation). Consequently, if the Court determines that notice should be issued, it only should be sent to current and former employees who worked for Onyx within two or three years (depending on the Court's willful violation determination) of the date of the notice. *See Prescott v. Prudential Ins. Co.*, 2010 U.S. Dist. LEXIS 76293, *37 (W.D. Mo. 2010).

2. <u>The Court should not order Onyx to provide birthdates, social security numbers, or telephone numbers of its current and former employees and should not order Onyx to post the Notice at its facility</u>.

If the Court determines that conditional certification is appropriate, it should not order Onyx to provide the birth dates, social security numbers, and telephone numbers of current and former Product Development Coordinators. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (denying plaintiffs' request for

social security numbers and telephone numbers); *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853, *21 (S.D.N.Y. Oct. 2, 2007) (holding providing social security numbers was inappropriate and unnecessary); *Sharer v. Tandberg*, 2006 U.S. Dist. LEXIS 75357, *9 (E.D. Va. Oct. 17, 2006) (holding plaintiffs failed to show need for social security numbers and birthdates).

Plaintiffs make the unusual request that the Court order notice to be posted at Onyx's facilities. Such a posting is unnecessary. If the Court grants Plaintiffs' request that Onyx provide them the addresses numbers of all current and former employees, they will have the addresses of current employees and will be able to facilitate notice to them by mail; thus, informing potential plaintiffs of their rights to opt-in to this lawsuit. *See Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500-01 (D. Neb. 2009) (rejecting plaintiff's request to order workplace posting). Plaintiffs' counsel does not assert that it will have difficulty reaching these current employees by mail. Therefore, the posting of a notice would be redundant and unnecessary. Additionally, posting a notice at the worksite would be disruptive and confusing to other employees who are not Product Development Coordinators and not potential plaintiffs in this suit.

3. <u>The Notice contains inappropriate language and should contain additional language</u>.

If it is later determined that Onyx violated the FLSA, but that its violations were not willful, the claims of similarly situated workers falling outside the two-year statute of limitations will be time-barred. Accordingly, the notice should explain that claims of employees who have not worked for Onyx within the past two years may be time-barred and, if so, no recovery will be available. *See Resendiz-Ramirez v. P & H Forestry, LLC*,

515 F. Supp. 2d 937, 944 fn. 9, (W.D. Ark. 2007); *Foraker v. Highpoint Southwest, Servs., L.P.*, 2006 U.S. Dist. LEXIS 63951, *18 (S.D. Tex. Sept. 7, 2006).

In Section III, Plaintiffs misstate the rate of pay they should have received if they were, in fact, improperly misclassified as exempt employees. If they were misclassified, the employees would not receive time and one-half of the regular rate of pay for all hours worked in excess of 40 in a workweek. Instead, the proper method of calculating damages is the fluctuating work week method.

The Eighth Circuit has held that the fluctuating work week method is the correct method for calculating damages for employees who were misclassified as exempt from the overtime requirements of the FLSA. *See Yellow Transit Freight Lines, Inc., v. Balven,* 320 F.2d 495, 499-500 (8th Cir. 1963); *Anderson v. Fed. Cartridge Corp*., 156 F.2d 681, 685 (8th Cir. 1946); *Landreth v. Ford, Bacon & Davis, Inc.*, 147 F.2d 446, 448 (8th Cir. 1945). Here, the salaries of the Plaintiffs were intended to compensate them for all of the hours that they worked, and each understood that the hours to be worked would fluctuate from week to week.

The fluctuating work week calculates the hourly rate of pay for an employee who is paid a salary and who works varying hours per week by dividing the weekly wage by the total number of hours that the employee worked in a given week rather than by forty. *Smith v. Frac Tech Services, Ltd.*, 2011 U.S. Dist. LEXIS 3165 at *110 (E.D. Ark. January 11, 2011). The fluctuating work week method thus reduces damages that an FLSA plaintiff may recover in two respects. First, the regular rate of pay is reduced inasmuch as the hourly rate is determined by dividing the salary by total hours worked rather than by forty. *Id.* Second, assuming that the fixed weekly wage is compensation

for all hours worked, including hours in excess of forty per week, the overtime rate is reduced from 150 percent of the regular rate to 50 percent of the regular rate. *Id.*

Clearly, Section III overstates the amount of pay the employees should have received if they were misclassified. Section III could cause potential plaintiffs to have an incorrect and inflated view of their potential award. The Notice should be altered to reflect the proper compensation standard.

The Notice should also include language in Section V that "If you choose to join this lawsuit and if the plaintiffs do not prevail, you may be obligated to pay for Defendant's court costs." This language is necessary to give the potential plaintiffs a full statement of the risks of litigation. *See Foraker,* 2006 U.S. Dist. LEXIS 63951 at *21 (holding that notice should inform class members that they could be liable for court costs). Additionally, the potential plaintiffs should receive more information about the fee agreement between the named Plaintiffs and their counsel, including the percentage of recovery the attorneys will receive. If under the contingency fee agreement, the potential plaintiffs will be responsible for the costs (not attorneys' fees) incurred by the potential plaintiffs in prosecuting this lawsuit, the notice should also disclose this fact. Because the fee structure may impact on an opt-in plaintiff's recovery, notice of those agreements should be provided upfront. *Fasanelli*, 515 F. Supp. 2d at 324 (S.D.N.Y. 2007).

Onyx objects to the language in Section III as it misrepresents its position. Onyx is entitled to a statement reflecting its position that: (1) it acted in good faith at all times; (2) Plaintiffs were exempt from the overtime provisions of the FLSA and were therefore paid in accordance with the law; (3) Plaintiffs are not similarly situated to each other;

and (4) there is still a determination to be made whether exemptions are present here and there is still a determination to be made whether all employees are similarly situated under the FLSA. *See Foraker v. Highpoint Southwest, Servs., L.P.*, 2006 U.S. Dist. LEXIS 63951 at *21 (S.D. Tex. Sept. 7, 2006) (approving language of (1) and (4) in the notice).

WHEREFORE, for the reasons contained herein, the Motion to Proceed as a Collective Action and to Facilitate § 216(B) Notice should be denied.

Respectfully submitted,

Donna S. Galchus (#80049)
Missy McJunkins Duke (#99167)
CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: 501-371-9999 / Fax: 501-371-0035
E-mail: dgalchus@cgwg.com
E-mail: mduke@cgwg.com

By: /s/ Missy McJunkins Duke
MISSY McJUNKINS DUKE

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2011, I electronically filed the foregoing Response to Brief in Support of Motion to Proceed As a Collective Action and to Facilitate § 216(B) Notice with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

**Drake Mann**
**Dylan H. Potts**
GILL ELROD RAGON OWEN
& SHERMAN, P.A.
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201

*/s/ Missy McJunkins Duke*
Missy McJunkins Duke