**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ASHLEY SALTER, DEBRAH MITCHELL,                              PLAINTIFFS
AMANDA BARNETT, SECILLIA RUSSELL,
COURTNEY COLEMAN, and ELIZABETH ANN
JUNDT, on behalf of themselves and others
similarly situated

v.                              No. 4:10CV00906 JLH

ONYX CORPORATION d/b/a
ONYX LABORATORIES, LTD.                                      DEFENDANT

**OPINION AND ORDER**

The plaintiffs bring this action on behalf of themselves and others similarly situated against

their former employer, Onyx Corporation, for alleged violations of the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.*  The plaintiffs have filed a motion for collective action under the FLSA, and

Onyx has responded.  For the following reasons, the Court denies the plaintiffs' motion for collective

action.

**I.**

According to the complaint, Onyx is an Arkansas corporation that manufactures and sells

cosmetics and personal care products to retailers.  The plaintiffs are former Onyx employees who

worked as Product Development Coordinators.  The plaintiffs allege that all Product Development

Coordinators were required to work over forty hours per week during the relevant time period and

that they were paid on a fixed salary and classified as exempt from the FLSA.  The plaintiffs also

contend that, because the majority of their duties were not managerial in nature and did not involve

the exercise of actual authority, they should not have been classified as exempt from the FLSA and

should have been compensated for all hours worked in excess of forty hours per week.  Their

proposed FLSA class includes: "all current and former Product Development Coordinators (or, if Onyx has changed the name of the same basic position, all employees who hold or have held the same basic position) at Onyx from July 13, 2007[,] to the present."

## II.

The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions. 29 U.S.C. § 216(b) (2006). The FLSA does not expressly define "similarly situated." Although the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See In re Pilgrim's Pride*, No. 1:07-CV-1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach and adopting it); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process"). "This approach provides for a two-step determination as to whether class certification is proper." *Davis*, 408 F. Supp. 2d at 815. Generally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes. *Id.* Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery. *Id.*

In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice. *Id.* Plaintiffs bear the burden of proof at this stage, and they "can meet this burden by making a modest factual showing

sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence. *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009). "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).

In support of their motion for certification, the plaintiffs offer the affidavit of one named plaintiff, Ashley Salter, who worked as a Product Development Coordinator at Onyx from May of 2004 until April of 2010. Salter's affidavit says that three other Product Development Coordinators worked at Onyx during her employment there. She also states that after her employment she had contact with seven other former Product Development Coordinators. Salter's affidavit states that all Product Development Coordinators performed basically the same tasks, exercised very little authority, and were paid a set salary. The plaintiffs allege in their complaint that all Product Development Coordinators worked in excess of forty hours per week; however, they offer no evidence to support that conclusion.

Although the burden of proof at the notice stage is lenient, "plaintiffs [still] have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist [ ] in the broad class that they propose[.]" *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 886-87 (11th Cir. 1983)). The only evidence presented, which is the Salter affidavit, is insufficient to meet that burden. It is not evident

from Salter's affidavit that there are any aggrieved persons within the proposed class definition who are not already plaintiffs.  Because an insufficient amount of discovery has been conducted to enable the Court to make an informed decision as to whether similarly situated persons exist, the motion for certification is denied without prejudice.  *Madden v. Lumber One Home Ctr. of Stuttgart, Inc.*, No. 4:10CV01162, 2010 WL 4974971, at *5 (E.D. Ark. Dec. 2, 2010).

For the reasons stated above, the plaintiffs' motion for collective action under the FLSA is DENIED.  Document #19.

IT IS SO ORDERED this 24th day of February, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE